IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BILLIE JO GARBER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-190-ALM-KPJ |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| *Acting Commissioner of Social Security*, | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Pending before the Court are Plaintiff Billie Jo Garber's ("Plaintiff") Motion to Proceed In Forma Pauperis (Dkt. 3) and Motion to Appoint Counsel (Dkt. 4). For the reasons that follow, the Motion to Proceed in Forma Pauperis (Dkt. 3) is **GRANTED** and the Motion to Appoint Counsel (Dkt. 4) is **DENIED WITHOUT PREJUDICE**.

I.     **LEGAL ANALYSIS**

A.  **Motion to Proceed In Forma Pauperis**

On March 9, 2023, Plaintiff filed the Motion to Proceed In Forma Pauperis (Dkt. 3). The statute authorizing the Court to grant leave for a litigant to proceed *in forma pauperis* states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set

forth within the applicant's affidavit." *Heath v. I.R.S.*, No. 3-02-cv-1518-H, 2002 WL 31086069, at *1 (N.D. Tex. Sept. 16, 2002) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981) (per curiam); 28 U.S.C. § 1915(a)). A plaintiff who wishes to proceed *in forma pauperis* must file an affidavit attesting to her indigency. *See* 28 U.S.C. § 1915(a)(1). "The affidavit is sufficient if it states that, due to poverty, plaintiff cannot afford to pay the costs of legal representation and still provide for himself and his dependents." *Bright v. Hickman*, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) (citing *Adkins*, 335 U.S. at 339). "While plaintiff does not need to be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for himself and his dependents." *Id*. (citations omitted).

Plaintiff's Motion and attached Affidavit reveal Plaintiff is currently unemployed and has limited cash resources. *See* Dkt. 3. Accordingly, the Motion to Proceed In Forma (Dkt. 3) will be granted.

### B.  Motion to Appoint Counsel (Dkt. 4)

"There is no right to appointment of counsel in civil cases, but a district court may appoint counsel if doing so 'would aid in the efficient and equitable disposition of the case.'" *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (quoting *Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (per curiam)). In deciding whether to appoint counsel, courts consider: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist, in large part, of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Id.* at 140–41 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). "Generally, the appointment of counsel should be

reserved for cases that present 'exceptional circumstances.'" *Id*. at 141 (quoting *Ulmer*, 691 F.2d at 213).

In the Motion to Appoint Counsel (Dkt. 4), Plaintiff does not make any argument as to why she should be appointed counsel and does not identify any circumstances that would bear on the above factors. *See generally* Dkt. 4. Rather, Plaintiff only lists the names of two attorneys who have refused to represent her without payment and represents that she is unable to afford an attorney. *See id.* Further, Plaintiff's complaint (Dkt. 1) does not provide sufficient detail from which the Court can conclude whether this case is sufficiently complex as to warrant the appointment of counsel. *See generally* Dkt. 1. Accordingly, at this time, the Motion to Appoint Counsel (Dkt. 4) will be denied.

## II.     CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Proceed In Forma Pauperis (Dkt. 3) is **GRANTED** and the Motion to Appoint Counsel (Dkt. 4) is **DENIED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 9th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE